IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

HEATHER D. GRADY                                                                               PLAINTIFF

v.                              NO. 4:25-cv-00197-KGB-PSH

SOCIAL SECURITY ADMINISTRATION                                                DEFENDANT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Introduction. In this case, filed pursuant to 42 U.S.C. 405(g), plaintiff Heather D. Grady ("Grady") challenges the denial of her request for a waiver of the recovery of an overpayment of benefits and asks that she be awarded retroactive benefits. The complaint commencing this case, though, is untimely, and there is no basis for allowing a retroactive extension of time to file the complaint. The motion for summary judgment filed by the Commissioner of the Social Security Administration ("Commissioner") should be granted and this case dismissed.

Summary Judgment. Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to a judgment as a matter of law. See Federal Rule of Civil Procedure 56(a). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." See Othman v. City of Country Club Hills, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine, or that are about non-material facts, will not preclude the entry of summary judgment. See Sitzes v. City of West Memphis, Arkansas, 606 F.3d 461 (8th Cir. 2010).

In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. See Naucke v. City of Park Hills, 284 F.3d 923 (8th Cir. 2002). "The non-moving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial." See Mann v. Yarnell, 497 F.3d 822, 825 (8th Cir. 2007). "The non-moving party's allegations must be supported by sufficient probative evidence that would permit a finding in [her] favor on more than mere speculation, conjecture, or fantasy." See Id. (internal quotation marks and citation omitted).

Facts. The undisputed facts are that on June 12, 2024, an Administrative Law Judge ("ALJ") conducted a hearing by telephone to determine if Grady qualified for a waiver of the recovery of an overpayment of benefits. See Docket Entry 8, Declaration of Lesha Cowell, Exhibit 1 at CM/ECF 8. On July 3, 2024, the ALJ found that Grady was overpaid benefits in the amount of $35,312.00 during the period from August of 2011 to October of 2019, and Grady was at fault for causing the overpayment. See Id. at CM/ECF 10-12. The ALJ found that recovery of the overpayment was not waived, and Grady was liable for the overpayment. See Id. at CM/ECF 13. A copy of the ALJ's decision was mailed to Grady. See Docket Entry 8, Declaration of Lesha Cowell at CM/ECF 3.

On July 10, 2024, Grady filed an administrative request for review. See Docket Entry 8, Declaration of Lesha Cowell at CM/ECF 3; Docket Entry 8, Declaration of Lesha Cowell Exhibit 1 at CM/ECF 25. The Appeals Council denied her request for review on July 15, 2024, and the Commissioner's decision became final. See Docket Entry 8, Declaration of Lesha Cowell, Exhibit 2 at CM/ECF 21. Grady was notified of her right to file a civil action in federal court and the time within which she must do so. See Docket Entry 8, Declaration of Lesha Cowell at CM/ECF 3. As to the time within which she must file the civil action, she was specifically notified of the following:

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) on your request. We will send you a letter telling you whether your request for more time has been granted.

See Docket Entry 8, Declaration of Lesha Cowell, Exhibit 2 at CM/ECF 22-23. A copy of the Appeals Council's action was mailed to Grady. See Docket Entry 8, Declaration of Lesha Cowell at CM/ECF 3.

Pleadings. On March 5, 2025, Grady began this case by filing a pro se complaint on a standard form and joining the Social Security Administration. In the complaint, she challenged the denial of her request for a waiver of the recovery of the overpayment of benefits and asked that she be awarded retroactive benefits. In section II of the standard form, she was asked, and answered, the following question:

> An appeal from a decision of the Commissioner must be filed within 60 days of the date on which you received notice that the Commissioner's decision became final. When did you receive notice that the Commissioner's decision was final? *(This is likely the date on which you received notice from the Social Security Appeals Council that your appeal was denied.)*
>
> August 2024. The reason for late filing is due to illness, hospitalization, and treatment.

See Docket Entry 2 at CM/ECF 3 (italics in original).

At some point, the Appeals Council learned of the complaint at bar and Grady's reason for its untimely filing. The Appeals Council construed her reason for her late filing as a belated request for an extension of time but denied her request in a letter dated June 3, 2025, finding the following:

> In your civil complaint, you stated, without elaboration or corroboration, that "the reason for late filing is due to illness, hospitalization, and treatment." Without more, we cannot grant an extension of time and deem the civil complaint timely filed. Therefore, we have denied your request for more time.

See Docket Entry 8, Declaration of Lesha Cowell, Exhibit 3 at CM/ECF 26.

On June 9, 2025, the Commissioner filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Entry 8. In the motion, the Commissioner asked that Grady's complaint be dismissed because it is untimely. The Commissioner specifically alleged the following:

> Here, the Appeals Council specifically explained that Plaintiff must file her complaint within 60 days from the date that she received the denial of review notice and that it is presumed that she received it five (5) days after the date on the notice unless she shows otherwise. See Dec. Ex. 3, pp. 2-3. The Appeals Council's notice was dated July 15, 2024. See id., p. 1. Therefore, the last day for Plaintiff to timely file her complaint (65 days after the date on the notice) was September 18, 2024. Plaintiff did not file her complaint until March 5, 2025, more than five months later. See ECF Doc. 2. In her complaint, Plaintiff stated that the "reason for late filing is due to illness, hospitalization, and treatment." Id., p. 3. The Appeals Council considered that reason but found it insufficient to "grant an extension of time and deem the civil action timely filed." See Dec. Ex. 3. Thus, Plaintiff's complaint fails to state a claim upon which relief can be granted because she did not file her complaint within 60 days after her presumptive receipt of notice of the Appeals Council's denial of review notice, and the Commissioner did not allow further time. ...

See Docket Entry 8 at CM/ECF 3. The Commissioner supported the assertion with a declaration from Lesha Cowell ("Cowell"), Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations.

On August 27, 2025, Grady filed a response to the Commissioner's motion to dismiss. In the response, Grady acknowledged that her complaint is untimely but maintained that its untimely filing should be excused. She so maintained because she was involved in other litigation during the period for filing a timely complaint in this case, and she believed "an additional filing was not appropriate until a response had been received from the court on the previously filed claim." See Docket Entry 11 at CM/ECF 2. She additionally maintained that she was experiencing health and other personal problems during the period from July of 2024 through June of 2025, problems that prevented her from filing a timely complaint.

The undersigned began reviewing the Commissioner's motion to dismiss and Grady's response. Because it was likely that the undersigned would consider Cowell's declaration, the motion was construed as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Docket Entry 12. The parties were notified of the construction and given up to, and including, September 18, 2025, to present all material that is pertinent to a motion for summary judgment.

On September 18, 2025, Grady filed two documents. First, she filed a letter in which she represented that she does not have access to the Commissioner's "privileged filings," making it difficult to respond to the motion at bar. See Docket Entry 13 at CM/ECF 1. Second, she filed a letter and joined it with multiple exhibits. In that letter, Grady asked for an extension of time so that she can obtain a statement from her physician attesting to Grady's health problems. The exhibits she offered, save two, were police reports. One of the two non-police report exhibits was a letter from Grady's aunt attesting to Grady's health problems during the period from July of 2024 through June of 2025. The second non-police report exhibit was a letter from Grady's daughter also attesting to Grady's health problems during the same period. Additionally, Grady's daughter represented the following:

> ... from 2016 until December of 2019, my mother and I resided together at my grandfather's home in Atoka, TN. My grandfather ... did not allow anyone else to open the mailbox for any reason. There were many times that he failed to give my mom her mail, and later it would be found in a pile on his dresser. I am stating that at no time did my mom receive any notice for a hearing, or she would have responded. ... I am a witness that my mom has never signed an agreement to pay money back to the Social Security Administration. ...

See Docket Entry 14 at CM/ECF 3.

Timeliness. In O'Bryant v. Colvin, No. 5:13-cv-00338-KGB-JTR, 2015 WL 4395567, 2 (E.D. Ark. July 16, 2015), United States District Judge Kristine G. Baker adopted the report and recommendation of United States Magistrate Judge J. Thomas Ray and found the following with respect to the time within which a social security claimant must begin a civil action seeking judicial review of the Commissioner's final decision:

> The law permits a [social security] claimant to seek judicial review of an unfavorable decision by filing a civil action within 60 days of the mailing of a final decision. [Footnote omitted]. Under the Commissioner's regulations, a decision is "mailed" for the purpose of the 60-day filing requirement on the date the claimant receives notice that the Appeals Council denied a request for review. [Footnote omitted]. A person is presumed to have received notice 5 days after the notice is mailed. [Footnote omitted]. If a claimant files her civil case outside the 60-day filing period in the absence of tolling, the case is time-barred. [Footnote omitted].

Here, the Appeals Council denied Grady's request for review on July 15, 2024, and the Commissioner's decision became final on that day. Grady was notified of her right to file a civil action in federal court if she disagreed with the decision. She was also notified that she must file the civil action within sixty days of receiving notice of the decision, the sixty-day period starting the day after she received notice of the decision. It is presumed that Grady received notice of the decision five days after the

9

date of its denial, or is presumed to have received notice of the decision on July 20, 2024, as she has not shown otherwise. See 20 C.F.R. 422.210(c).[1] Grady therefore had until September 18, 2024, to file a timely complaint challenging the Commissioner's decision. Unfortunately, she did not file the complaint at bar until March 5, 2025, or more than five months too late. The only question is whether the sixty-day period should be equitably tolled.[2]

Equitable Tolling. In McMackins v. Saul, No. 4:19-cv-00775-BRW-BD, 2020 WL 2561940, 2 (E.D. Ark. May 19, 2020), report and recommendation adopted, No. 4:19-cv-00775-BRW, 2020 WL 2952973 (E.D. Ark. June 3, 2020), United States District Judge Billy Roy Wilson adopted the report and recommendation of United States Magistrate Judge Beth Deere and found the following with respect to equitable tolling:

---

[1]   20 C.F.R. 422.210(c) provides, in part, the following: "... the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."

[2]   Grady represents in her complaint that she received notice of the Commissioner's final decision in "August 2024." See Docket Entry 2 at CM/ECF 3. Even were the undersigned to use August of 2024 as the commencement of the sixty-day period, Grady's complaint is still untimely, as she would have had until October of 2024 to file a timely complaint. As the undersigned has noted, though, Grady did not file her complaint until March of 2025.

> The 60-day time period in the statute is not jurisdictional, but it is a statute of limitations. Bowen v. City of New York, 476 U.S. 478 (1986) (citing Matthews v. Eldridge, 424 U.S. 319, 328 n.9 (1976); Weinberger v. Salfi, 422 U.S. 749, 764 (1975)). The limitations period is subject to equitable tolling where the equities in favor of tolling are so great that deference to the agency is inappropriate. Bowen, 476 U.S. at 467 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)).
>
> Generally, a party seeking equitable tolling bears the burden of establishing that he has diligently pursued his rights and that "conduct (by someone other than the claimant) that is misleading or fraudulent" stood in his way. Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam) (citation omitted). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." Id. (quoting Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988)).

See also Smith v. Astrue, No. 2:11-cv-00062-DPM-HDY, 2011 WL 5402168 (E.D. Ark. Sept. 1, 2011), report and recommendation adopted in part, rejected in part, No. 2:11-cv-00062-DPM, 2011 WL 5402126 (E.D. Ark. Nov. 4, 2011).[3]

---

[3] In Smith v. Astrue, United States District Judge D.P. Marshall Jr., observed the following: " ... '[e]quitable tolling is an exceedingly narrow window of relief.' Finch v. Miller, 491 F.3d 424, 427–28 (8th Cir.2007) (quoting Maghee v. Ault, 410 F.3d 473, 476 (8th Cir.2005)) (internal quotation marks omitted). Accordingly, equitable tolling has been limited to situations in which 'the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.' Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990) (footnote omitted). 'We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.' Id." See Smith v. Astrue, 2011 WL 5402168, 2.

Equitable tolling is not appropriate in this instance for two reasons. First, Grady has failed to show that she has diligently pursued her rights. The complaint at bar was filed more than five months after the expiration of the sixty-day period, a fact she does not deny.

Second, Grady has failed to offer any evidence of misleading or fraudulent conduct by anyone. Grady was not misled, induced, or tricked into sleeping on her right to file a civil action in federal court.

Notwithstanding the foregoing, Grady asks that the untimely filing of her complaint be excused and offers two reasons why. First, she maintains that she was involved in other litigation during the sixty-day period for filing a timely complaint, and she believed "an additional filing was not appropriate until a response had been received from the court on the previously filed claim." See Docket Entry 11 at CM/ECF 2. Her reason does not justify equitable tolling. Once she decided to exercise her right to file a civil action in federal court, she was obligated to move forward with the case, even if she had other ongoing litigation. To the extent her misplaced concern was born out of her pro se status, "[i]gnorance of legal rights does not toll a statute of limitations." See Gruseth v. Colvin, No. 4:15-cv-04108-KES, 2016 WL 3746525, 2 (D.S.D. July 8, 2016) (internal quotation marks and citations omitted).

Grady offers a second reason why the untimely filing of her complaint should be excused. She maintains that she was experiencing health and other personal problems during the sixty-day period for filing a timely complaint. The Appeals Council considered but rejected those reasons, and the undersigned does likewise.[4]

The undersigned accepts that Grady had health and other personal problems during the period from July of 2024 through June of 2025. She has failed to show, though, that they were so severe she was incapable of filing a timely complaint in this case. Her problems did not prevent her from appearing by telephone at the June 12, 2024, administrative hearing; her problems did not prevent her from filing an administrative request for review on July 10, 2024; her problems did not prevent her from filing the complaint at bar on March 5, 2025; and her problems did not prevent her from prosecuting other litigation during part, or all, of the period from July of 2024 through June of 2025.

---

[4]  In Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), the United States Supreme Court overruled Chevron v. Natural Resources Defense Council, 467 U.S. 837 (1984) (holding that "courts may not defer to agency interpretations of ambiguous statutes merely because the statute is ambiguous." See United States v. Johnson, No. 24-2393, 2025 WL 1949738 (8th Cir. July 16, 2025). 42 U.S.C. 405(g) is unambiguous, and the undersigned need not determine the appropriate level of deference, if any, to be given the Appeals Council's decision to not grant an extension of time and deem Grady's complaint timely. To the extent deference is required, the undersigned finds that the Appeals Council could find as it did.

Recommendation. Given the foregoing, there is no genuine dispute as to any material fact, and the Commissioner is entitled to judgment as a matter of law. Grady did not file her complaint within sixty days after her presumptive receipt of the Appeals Council's denial of her request for review, and equitable tolling is not appropriate in this instance. The motion for summary judgment should be granted. See Docket Entry 8. Grady's complaint should be dismissed, all requested relief should be denied, and judgment should be entered for the Commissioner.[5]

DATED this 22nd day of September, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] In conclusion, three points are necessary. First, Grady maintains that she does not have access to the Commissioner's "privileged filings," making it difficult to respond to the motion at bar. See Docket Entry 13 at CM/ECF 1. No pleadings in this case, though, were filed under seal.

Second, Grady requests an extension of time so that she can obtain a statement from her physician attesting to Grady's health problems. The motion is denied. The undersigned accepts that Grady's physician would confirm the representation made by Grady's aunt and daughter.

Last, Grady's daughter represents that Grady never received notice of a "hearing, or she would have responded." See Docket Entry 14 at CM/ECF 3. The representation is in reference to a November 14, 2019, hearing to determine if Grady received an overpayment, see Docket Entry 8, Declaration of Lesha Cowell, Exhibit 1 at CM/ECF 10-11, not to the June 12, 2024, administrative hearing.