**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

HEATHER D. GRADY                                                                         PLAINTIFF

v.                                             **Case No: 4:25-cv-00197-KGB**

SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

**ORDER**

Before the Court are defendant Social Security Administration's motion to dismiss (Dkt. No. 8), United States Magistrate Judge Patricia S. Harris's Findings and Recommendation ("Recommendation") (Dkt. No. 15), and plaintiff Heather D. Grady's motion (Dkt. No. 17). Grady filed objections to the Recommendation and requested a *de novo* review of the record (Dkt. No. 16). Grady also filed a second notice (Dkt. No. 18). After conducting a *de novo* review of the record, including but not limited to the Recommendation, objections, motion to dismiss, and other filings, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 15). The Court writes separately to address Grady's objections (Dkt. No. 16).

I.      **Background**

The undisputed facts are that on June 12, 2024, an Administrative Law Judge ("ALJ") conducted a hearing by telephone to determine if Grady qualified for a waiver of the recovery of an overpayment of benefits (Dkt. No. 15). On July 3, 2024, the ALJ found that Grady was overpaid benefits in the amount of $35,312.00 during the period from August 2011 to October 2019 and that Grady was at fault for causing the overpayment (*Id.*). The ALJ found that recovery of the overpayment was not waived, and Grady was liable for the overpayment (*Id.*). A copy of the ALJ's decision was mailed to Grady (*Id.*).

On July 10, 2024, Grady filed an administrative request for review (*Id.*). The Appeals Council denied her request for review on July 15, 2024, and the Commissioner's decision became final (*Id.*). Grady was notified of her right to file a civil action in federal court and the time within which she must do so (*Id.*)

On March 5, 2025, Grady began this case by filing a *pro se* complaint on a standard form and listing the Social Security Administration as a defendant (Dkt. No. 2). In the complaint, Grady challenged the denial of her request for a waiver of the recovery of the overpayment of benefits and asked that she be awarded retroactive benefits (*Id.*). At some point, the Appeals Council learned of the complaint at bar and Grady's reason for its untimely filing. The Appeals Council construed her reason for her late filing as a belated request for an extension of time, but the Appeals Council denied her request in a letter dated June 3, 2025, finding the following:

> In your civil complaint, you stated, without elaboration or corroboration, that "the reason for late filing is due to illness, hospitalization, and treatment." Without more, we cannot grant an extension of time and deem the civil complaint timely filed. Therefore, we have denied your request for more time.

(Dkt. No. 15).

On June 9, 2025, the Commissioner filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 8). In the motion, the Commissioner asked that Grady's complaint be dismissed as untimely (*Id.*). The Commissioner supported the motion with a declaration from Lesha Cowell, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations (Dkt. No. 8-1).

On August 27, 2025, Grady filed a response to the Commissioner's motion to dismiss (Dkt. No. 11). In the response, Grady acknowledged that her complaint is untimely, but Grady maintained that her untimely filing should be excused (*Id.*). She argued that she was involved in other litigation during the period for filing a timely complaint in this case, and she believed that

"an additional filing was not appropriate until a response had been received from the court on the previously filed claim." (*Id.*, at 2). Additionally, Grady contended that she was experiencing health and other personal problems that prevented her from filing a timely complaint (*Id.*).

When Judge Harris began reviewing the Commissioner's motion to dismiss and Grady's response, the motion was construed as one for summary judgment pursuant to Federal Rule of Civil Procedure 56 because it was likely that Judge Harris would consider Cowell's declaration attached to the motion (Dkt. No. 12). The parties were notified of the construction and given until September 18, 2025, to present any pertinent information for Judge Harris's consideration regarding the pending motion (*Id.*).

After reviewing the record before the Court, Judge Harris entered her Recommendation, recommending that the Court affirm the ALJ's decision and enter judgment in favor of the Commissioner (Dkt. No. 14). Grady objected (Dkt. No. 16).

Grady specifically objects because she contends her "trip-ups" during the filing period tolled the time required to file her complaint. She describes her trip ups as "two moves, severe illness, and constant harassment." (*Id.*).

## II.    Legal Framework

The law permits a Supplemental Security Income ("SSI") claimant to seek judicial review of an unfavorable decision by filing a civil action within 60 days of the mailing of a final decision. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."). Under the Commissioner's regulations, a decision is "mailed" for the

3

purpose of the 60–day filing requirement on the date the claimant receives notice that the Appeals Council denied a request for review.  20 C.F.R. § 422.2110(c) ("[T]he date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").  A person is presumed to have received notice 5 days after the notice is mailed.  20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period."); 26 C.F.R. § 422.210(c) ("a civil action under section 205(g) of the Act must be commenced within 60 days after the date the individual receives notice.").  If a claimant files her civil case outside the 60–day filing period in the absence of tolling, the case is time-barred.  *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (60–day filing requirement acts as a statute of limitations); s*ee Caran v. Bowen*, 834 F.2d 720, 721 (8th Cir. 1987) ("[T]imely filing requirement is not jurisdictional but rather is a statute of limitations and as such will bar suit unless it is tolled.").

### III.   Discussion

#### A.   Tolling

The decision challenged in this case became final on July 15, 2024, when the Commissioner's Appeals Council denied Grady's request for review.  Grady was notified of her right to file a civil action in federal court if she disagreed with the decision.  She was also notified that she must file the civil action within 60 days of receiving notice of the decision, with the 60-day period starting the day after she received notice of the decision.  The Court presumes that Grady received notice of the decision five days after the date of its denial—or is presumed to have received notice of the decision on July 20, 2024—as she has not shown otherwise.  Grady's case was filed on March 5, 2025, more than five months after the 60–day filing period.

4

The dispositive issue is whether equitable circumstances exist for tolling the 60–day filing period.  The Supreme Court has recognized that, "while in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (internal quotations omitted); *see also Medellin v. Shalala*, 23 F.3d 199, 204 (8th Cir. 1994) ("Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.") (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, equitable tolling is not appropriate for two reasons.  First, Grady has failed to show that she has diligently pursued her rights.  Her complaint was filed more than five months after the expiration of the 60-day period, a fact she does not deny.  Second, Grady has failed to offer any evidence of misleading or fraudulent conduct by anyone.  Grady was not misled, induced, or tricked into sleeping on her right to file a civil action in federal court.

Even taking Grady's claim of health issues as true, the Court agrees with Judge Harris that Grady has failed to show that her health issues were so severe that Grady was incapable of filing a timely complaint in this case.  Grady's problems did not prevent her from appearing by telephone at the June 12, 2024, administrative hearing; her problems did not prevent Grady from filing an administrative request for review on July 10, 2024; her problems did not prevent Grady from filing

the complaint at bar on March 5, 2025; and her problems did not prevent Grady from prosecuting other litigation during part, or all, of the period from July 2024 through June 2025 (Dkt. No. 15). Therefore, equitable tolling is not appropriate, Grady has not timely filed this action, and her objections fail to rebut the Recommendation. Accordingly, the Court adopts the Recommendation in its entirety.

### B.    Grady's Motion

On May 18, 2026, Grady filed a Motion (Dkt. No. 17). The motion contains a jumble of hard to understand and disjointed assertions set forth by Grady. Construing the motion liberally, at best, the Court considers the motion as a request for a hearing and a jury trial. However, 42 U.S.C. § 405(g) only provides for judicial review based on the record in the case with no right to trial or additional hearings. Because the Court adopts the Recommendation, the case is now closed. Accordingly, Grady's motion is denied.

### IV.    Conclusion

For the foregoing reasons, the Court:

(1)    adopts the Recommendation in its entirety (Dkt. No. 15);

(2)    grants the Social Security Administration's motion to dismiss, which Judge Harris construed as a motion for summary judgment (Dkt. No. 8);

(3)    dismisses Grady's complaint with prejudice (Dkt. No. 2); and

(4)    denies Grady's motion (Dkt. No. 17).

It is so ordered this 8th day of June, 2026.

Kristine G. Baker
Chief United States District Judge